HERMAN BECK, PLAINTIFF-REPONDENT, v. FLEET CAR-
RIER CORPORATION, DEFENDANT-APPELLANT.

HERMAN BECK, PLAINTIFF-RESPONDENT, v. FLEET CAR-
RIER CORPORATION AND ROY EVANS, DEFENDANTS-
APPELLANTS.

Submitted October 6, 1936—Decided February 26, 1937.

Before Justices TRENCHARD, BODINE and HEHER.

For the defendants-appellants, *Hartman & Hartman*
(*Rudolph Hartman,* of counsel).

For the plaintiff-respondent, *William Bruder.*

The opinion of the court was delivered by

TRENCHARD, J. These are appeals from two judgments
entered by the trial judge sitting without a jury in actions
brought to recover damages for personal injuries sustained
by the plaintiff-respondent (hereinafter called plaintiff) and
for damages to the plaintiff's automobile. The cases were
tried together and may be considered as one case for the pur-
poses of this decision.

The plaintiff's testimony, while contradicted in several
essential features by the defendant's testimony, reasonably

tended to show the following matters of fact: Plaintiff was driving, in a northerly direction along the state highway, route 29, on a clear day on a slippery road, and had entered that highway from Michigan avenue in the borough of Kenilworth, Union county, at the intersection of the two highways where they intersected at right angles. Before proceeding into the intersection, plaintiff brought his car to "approximately a dead stop" and looked about one hundred feet along route 29 and saw nothing. He then proceeded into the intersection and made his turn into route 29 and had proceeded along that route for a distance of from one hundred and fifty to two hundred feet when his automobile was struck in the rear by the defendant's motor bus which came along route 29, driven by the defendant Evans. At the time he was hit plaintiff was driving between fifteen and twenty miles an hour, the defendants about thirty miles an hour. Plaintiff's car was damaged and he was injured.

The only contention made by the defendants is that the trial judge erred in refusing to nonsuit the plaintiff and to enter judgment for the defendants based on the grounds (1) that there was no evidence of negligence on the part of the defendants, and (2) that plaintiff was guilty of contributory negligence.

We think the motion was properly denied. The rule is that where (as here) fair-minded men might honestly differ as to the conclusions to be drawn from facts, whether controverted or uncontroverted, a jury question is presented, and this rule is particularly applicable to cases involving negligence, inasmuch as negligence is not so much a fact in itself as a logical inference to be drawn from a collocation of facts. *Mumma* v. *Easton and Amboy Railroad Co.,* 73 *N. J. L.* 653.

Considering the testimony in this case, it is apparent that fair-minded men might honestly conclude from the evidence that the defendants were negligent and that the plaintiff was not guilty of contributory negligence.

The result is that the denial of the motion to nonsuit was amply justified. The judgments will be affirmed, with costs.